UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN STURM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 1:14-cv-00848-RLY-TAB |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| OFFICER CATHERINE HEDGES in her | ) |
| individual and official capacities, and | ) |
| OFFICER GREGORY STEWART in his | ) |
| individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff John Strum seeks to file a second amended complaint.  Defendants object, arguing they would be subject to undue prejudice if the motion were granted and that Plaintiff should not be allowed to amend his complaint after the expired deadline.  For the reasons set forth below, the Court denies Plaintiff's motion.  [Filing No. 45.]

Federal Rule of Civil Procedure 15(a)(2) provides that when a party can no longer amend its pleadings as a matter of course, a party may amend with the opposing party's written consent or the court's leave.  Leave to amend is not automatic and courts "have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile."  *Standard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011).  Although a court may deny a motion for leave to amend a complaint, doing so is disfavored.  *Bausch v. Stryker Corp.*, 630 F.3d 546, 562

(7th Cir. 2010). The "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, a plaintiff faces additional hurdles when seeking to amend the complaint after the scheduling order deadline has passed. A plaintiff must show good cause to modify a scheduling order deadline. Fed. R. Civ. P. 16(b)(4). A plaintiff must also show excusable neglect for failing to comply with the deadline. Fed. R. Civ. P. 6(b)(1)(B); *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005). A court may refuse to grant relief from a lapsed deadline absent a showing of good cause and excusable neglect. *Brosted*, 421 F.3d at 464; *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (upholding denial of a plaintiff's second motion for leave to amend that was filed six months after the deadline).[1]

Plaintiff filed his proposed second amended complaint more than nine months after the agreed upon and Court-ordered deadline. The proposed complaint includes a revised factual background, adds a new defendant to the battery claim against Defendant Gregory Stewart, and adds a *Monell* claim against the city of Indianapolis. While there are no other pending motions in this case and it has not been set for trial, Defendants were granted an extension of the dispositive motion deadline pending resolution of Plaintiff's motion for leave to amend. [Filing No. 56.]

Plaintiff argues there is good cause for another amendment to his complaint even though the scheduling order deadline has passed. Plaintiff justifies these late changes by asserting they are a result of information gained during depositions taken in June 2015. But Defendants

---

[1] Plaintiff does not argue excusable neglect exists, and Defendants do not press the issue. Instead, the parties focus only on whether good cause exists for the proposed amendment. Because Plaintiff cannot even satisfy the good cause standard, the Court need not consider the issue of excusable neglect.

2

undermine this assertion by showing that Plaintiff had this information well before the depositions.  Defendants' initial disclosures to Plaintiff on September 5, 2014, included several references to Officer Hatch's removal of taser probes [Filing No. 58-2, at ECF p. 5, 8, 11, 14] as well as a six-page policy order from the police department discussing the use of tasers.  [Filing No. 58-2, at ECF p. 16-21.]  The timing and content of this information compels a critical conclusion: when Plaintiff first amended his complaint on November 4, 2014, he had enough information to assert a battery claim against Officer Hatch for removing the taser probes along with a *Monell* claim against the city of Indianapolis concerning its taser policy.  Yet inexplicably, Plaintiff failed to do so, and then failed to request a second amendment before the expiration of the deadline.  Moreover, adding the new legal theories would prejudice Defendants.  These claims would undoubtedly generate more discovery and thus further delay the deadline for dispositive motions, which has been stayed pending resolution of Plaintiff's motion to amend.

For these reasons, the Court denies Plaintiff's motion for leave to file a second amended complaint.  [Filing No. 45.]  Existing claims may be dismissed by stipulation.  Parties have until October 19, 2015, to file dispositive motions.  [Filing No. 56.]

Date:  9/21/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Scott Leroy Barnhart
ATTORNEY AT LAW
barnhart.scott@gmail.com

Brooke Smith
KEFFER BARNHART LLP
Smith@KBindy.com

Tom Franklin Hirschauer
KEFFER BARNHART LLP
tom@kbindy.com

Pamela G. Schneeman
OFFICE OF CORPORATION COUNSEL
pamela.schneeman@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
amanda.dinges@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com